UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Magistrate No. 07-mj-342 |
| CESAR ISABEL, : | Criminal No. |
| JONATHAN GARCIA, and : | |
| MIGUELA CONCEPCION : | |
| : | |
| Defendants : | |
| _____: | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION
BY CHIEF JUDGE THOMAS F. HOGAN OF
MAGISTRATE JUDGE DEBORAH A. ROBINSON'S
ORDER ENJOINING THE GOVERNMENT FROM
ANALYZING THE NARCOTICS EVIDENCE SEIZED IN THIS CASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Local Criminal Rule 57.18, to reconsider the Magistrate Judge Deborah Robinson's order enjoining the government from analyzing the narcotics evidence seized in the above captioned case by the Metropolitan Police Department. As grounds for this motion, the United States offers the following.

**FACTUAL BACKGROUND**

Defendants Jonathan Garcia, Cesar Isabel, and Miguela Concepcion were each charged by complaint with one count of possession with intent to distribute cocaine.

The defendants were arrested on July 5, 2007. They were presented before Magistrate Judge Robinson on the charge in the complaint on July 6, 2007. The government requested that the defendants be held pursuant to 18 U.S.C. 3142 (f)(1)(C),

1

and a consolidated preliminary/detention hearing was scheduled for Monday, July 9, 2007.

At the preliminary hearing the government called Officer Harry Allen as a witness. Officer Allen testified that on July 4, 2007 a confidential informant ("CI") had advised him that he had received a sample of cocaine from defendant Isabel earlier that day, and that the CI and defendant Isabel, defendant Concepcion, defendant Garcia made arrangements to meet the next day so that the CI could purchase three kilograms of cocaine from them for approximately $70,000. The CI brought the cocaine sample to the Metropolitan Police Department's ("MPD") Narcotics and Special Investigations Division ("NSID") offices where Officer Allen took custody of the sample, field tested it and then placed it into evidence at MPD. The field test indicated that the sample was cocaine.

On the morning of July 5, 2007 the CI was outfitted by MPD with a small audio recording device and then met with all three defendants at the McDonalds located and New Hampshire Avenue and University Boulevard in Langley Park, Maryland. After that initial meeting, the three defendants stated to the CI that they would meet him approximately one hour later at the parking lot of the Safeway grocery store located at Piney Branch Road and Georgia Avenue, NW, in Washington, DC where the defendants would sell three kilograms of cocaine to the CI.

At approximately 2:20 p.m. on July 5, 2007 the defendants and the CI met at the Shell Gas Station located across the street from the Safeway at Piney Branch and Georgia Avenue, NW. The CI met with all three of the defendants in a burgundy Ford Taurus being driven by defendant Concepcion. The CI sat in the front passenger seat while

defendants Isabel and Garcia sat in the back seat. Defendant Concepcion then told defendant Garcia to show the CI "the stuff", at which point defendant Garcia took three brick shaped and sized packages wrapped in brown tape out of a shoe box, sliced a small hole in the middle of each package, and then passed each package up to the CI. The incision made in each package revealed a white powder substance inside of each brick. At this point the CI called members of the NSID arrest team, who then moved in to arrest the three defendants. Defendants Isabel and Garcia attempted to flee, and defendant Garcia remained in the car. All three defendants were eventually arrested and positively identified as the individuals engaged in the sale of three kilograms of suspected cocaine to the CI.

After the three defendants were arrested, MPD seized the three brick shaped packages as evidence. A portion of the white powder inside each of the three brick shaped packages was field tested, and all three bricks field-tested positive for the presence of cocaine. The drugs were then placed in a heat sealed evidence bag to be submitted to the Drug Enforcement Administration ("DEA") for analysis.

On cross-examination, Officer Allen testified as to statements made by each of the defendants to the police after they were arrested. Officer Allen testified that Defendant Isabel gave a statement that corroborated Officer Allen's testimony on direct examination regarding his observations and what the CI told Officer Allen about their meetings on July 4th and July 5th. Defendant Isabel further stated that after the three defendants left the CI at the McDonalds in Langley Park, they drove to an unknown location in Maryland. It was there that, according to defendant Isabel, defendants Garcia and Concepcion went inside of a house and prepared the three packages of cocaine to sell

to the CI. Defendant Isabel stated that he did not go into the house with the other two defendants, but instead stayed outside in the parked car. Defendant Isabel further stated that he did not observe defendants Garcia and Concepcion put together the three packages and that he did not know what was in the three packages.

Officer Allen also testified on cross-examination that defendant Garcia asked Officer Allen what would happen if only half of the substance in the packages was cocaine. Finally, Officer Allen testified on cross examination that defendant Concepcion told Officer Allen that he doesn't sell cocaine, but that instead he prefers to rob people. Officer Allen also testified that another officer heard defendant Concepcion telling defendant Garcia in the MPD cell block "don't snitch, you know what happens to snitches," when defendant Garcia was being taken to an interview room to be interviewed by MPD.

At the end of Officer Allen's testimony, the government rested. The defendants advised the court that they intended to subpoena the narcotics seized during this investigation and introduce it in the consolidated preliminary/detention hearing as evidence. Magistrate Judge Robinson then continued the hearing until Jul 16, 2007 to give the defendants an opportunity to subpoena the narcotics evidence and introduce it as evidence for the defense case.

On July 16, 2007 the consolidated preliminary/detention hearing resumed. The defense subpoenaed MPD to produce the narcotics seized in this case during the preliminary hearing. The government filed a motion to quash the subpoena. After considering the government's motion and the defendant's response, Magistrate Judge Robinson denied the government's motion to quash the subpoena. The defendant then

called Officer Harry Allen as a witness. Officer Allen briefly testified about the field tests that MPD uses to determine whether a substance is cocaine. The defense then introduced the three bricks of cocaine seized by the Metropolitan Police Department as evidence. At the defense's request, and over the government's objection, Office Allen conducted a field test on a portion of the white powder substance seized from each brick. Each field test came back with a result that was inconclusive.

Magistrate Judge Robinson found that the government had failed to establish that probable cause existed on the charge of possession with intent to distribute cocaine and dismissed the complaint. Subsequent to the dismissal, the defense moved for injunctive relief in requesting the Magistrate Judge to issue an order prohibiting the government from submitting the drugs to the DEA for analysis unless the defense was present during the analysis-- a motion for injunctive relief. Magistrate Judge Robinson granted that request and issued an order enjoining the government from submitting the evidence to the DEA laboratory for analysis until the issue of the whether the defense could be present was resolved.

After the case was dismissed, the government opened a grand jury investigation into the facts of this case. In order to proceed with the grand jury investigation, the government needs to have the DEA laboratory analyze the three bricks of white powder seized from the defendants when they were arrested.

## ARGUMENT

Pursuant to Local Criminal Rule 57.17, a magistrate judge may "[a]ct as committing magistrate judge in holding preliminary [and detention] hearings for violations of the United States Code." At the preliminary hearing, a magistrate judge

5

determines whether probable cause exists to support the government's charge in the complaint, and if so whether the defendant is to be released or detained pending the outcome of his case.  See Fed. R. Crim. P. 5.1; LCrR 57.17(a)(7).

If the magistrate judge determines that there is no probable cause to support the charge in the complaint, "the magistrate judge must dismiss the complaint and discharge the defendant."  Fed. R. Crim. P. 5.1(f).  "A discharge does not preclude the government from later prosecuting the defendant for the same offense."  Id.

Pursuant to Local Criminal Rule 57.18, "[a]ny party may request the [district] judge to reconsider a magistrate judge's ruling . . . by filing a motion within 10 days after being served with the order of the magistrate judge."  See also Fed. R. Crim. P. 45(a)(2) ("[e]xcluding intermittent Saturdays, Sundays, and legal holidays when the period is less than 11 days").  A district judge may modify or set aside any portion aof a magistrate judge's order "found to be clearly erroneous or contrary to law."  LCrR 57.19(c).

## I.    The Magistrate Court Does Not Retain Jurisdiction Over A Criminal Case Once It Is Dismissed After A Finding Of No Probable Cause

After a consolidated preliminary/detention hearing in which the magistrate court reviewed the evidence presented by the government and the defense, the Magistrate Judge Robinson found that no probable cause existed to support the charge in the complaints against each of the defendants and dismissed all three complaints and discharged the defendants.  After making such a finding, the magistrate court does not retain jurisdiction over the case because there is no longer a pending case before the court.  See In re Dixon, 212 Fed. Appx. 243, 2007 WL 81746 (4th Cir. 2007) (holding that the Court of Appeals lacked jurisdiction because the criminal prosecution brought against Dixon had been dismissed);  (United States Janik, 805 F.Supp. 1065, 1066 (N.D. Ill.

6

1992) (holding that the district court lacked jurisdiction over a criminal case after it had been dismissed without prejudice following a reversal of the conviction and remand by the court of appeals). Therefore, the magistrate court cannot issue an order in a dismissed criminal case enjoining the government from analyzing the narcotics evidence seized in this case because it no longer retains jurisdiction over the matter, and such an order is clearly erroneous and contrary to law.

    II.    **The Magistrate Court Is Not Authorized To Issue An Order Providing Injunctive Relief**

A magistrate judge has the duty and power to hold preliminary and detention hearings for violations of the United States Code, and to impose or review conditions of release under applicable federal law. See LCrR 57.17(a)(1) and (2). A magistrate judge may not, however, hear and determine a motion for injunctive relief without being designated to do so by a district judge. See 28 U.S.C. 636 (b)(1)(A). In the instant case, however, defendants asked for and obtained an order granting injunctive relief when Magistrate Judge Robinson prohibited the government from having the narcotics evidence seized in this case analyzed by the DEA. The magistrate court's order enjoining the government from analyzing its own evidence is therefore clearly erroneous and contrary to law.

    III.    **The Defense Does Not Have A Right To Be Present When The DEA Analyzes The Narcotics Evidence Seized From The Defendants**

The defendants' motion to the magistrate court requesting that the government be enjoined from submitting to the DEA for analysis the three bricks seized from the defendants was based on their request to be present during the DEA's analysis. First, as noted, there is no longer a criminal case pending before the court, so the defendants have

no right to discovery under the Federal Rules of Criminal Procedure. Under Federal Rule of Criminal Procedure 16(a)(1)(E) the defense has a right to inspect, copy and photograph evidence that is within the government's control and material to preparing the defense, or that the government intends to use in its case-in-chief at trial, or was obtained to or belongs to the defendant. This right is triggered when there is a pending case before the court. In addition, the defendants do not, however, have a right to be present when the DEA analyzes the drugs seized in this case. See United States v. Love, 482 F.2d 213, (5th Cir. 1973) (absence of defendant's expert during the examination of the government's evidence did not require reversal of conviction). Moreover, the DEA laboratory's practice and policy is to not allow any third parties to be present when they analyze narcotics evidence for a variety of reasons, including the safety of the lab technicians and third parties and maintaining the integrity of their laboratory facility.

     If the defendants are indicted they may, however, have their own independent expert analyze the narcotics seized in this case as long as that expert is registered and certified by the DEA to handle controlled substances. The defense would also have the opportunity during trial to cross examine any expert that the government presented during the trial regarding the analysis of the drugs.

WHEREFORE, the government respectfully requests that the Court vacate the Order issued by Magistrate Judge Robinson prohibiting the government from further analyzing the narcotics evidence seized in this case.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498-610


        By: _____
        LOUIS RAMOS
        Assistant United States Attorney
        Bar No. 472-176
        555 4th Street, N.W., Room 4243
        Washington, DC 20530
        (202) 305-2195

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Magistrate No. 07-mj-342** |
| **CESAR ISABEL,** : | |
| **JONATHAN GARCIA, and** : | |
| **MIGUELA CONCEPCION** : | |
| : | |
| **Defendants** : | |
| _____ : | |

**O R D E R**

Upon consideration of the government's motion to reconsider Magistrate Judge Deborah Robinson's order enjoining the government from analyzing the narcotics evidence seized in this case, the Court vacates Magistrate Judge Robinson's Order, and it is hereby,

**ORDERED** this _____ day of _____, 2007 that the government's motion is **GRANTED**.

_____
U.S. District Court Jude

_____
Date