UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

      v.                     :      Case No. 07-M-342 (DAR) (TFH)

MIGUELA CONCEPCION    :


**RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER AND MOTION
FOR ORDER REQUIRING DEFENSE REPRESENTATIVE AT EXAMINATION**

Mr. Miguela Concepcion, the defendant, through undersigned counsel, respectfully submits the following in response to the Government's Motion for Reconsideration by Chief Judge Thomas F. Hogan of Magistrate Judge Deborah A. Robinson's Order Enjoining the Government from Analyzing the Narcotics Evidence Seized in this Case (hereinafter "Government's Motion") and moves this Honorable Court to issue the attached proposed Order, directing the United States Attorney's Office to permit defense counsel and her investigator to be present at the examination of the evidence seized on July 5, 2007.

## Factual Background

The Government's Motion sets forth a summary of the evidence that was produced at the preliminary hearing. Undersigned counsel does not yet have a transcript of that hearing, but the government's summary appears accurate. However, the government did omit a few details, including:

> (1) when Officer Harry Allen first field tested the three packages seized in relation to this case, the field test on one of the packages had an "inconclusive" result, and that package did not test "positive" until Officer Allen conducted a second test;
>
> (2) Officer Allen explained that when he referred to a test as having an "inconclusive" result, he meant that the test revealed that there was no controlled substance present;

>(3) Officer Allen also explained that even a "positive" test was not conclusive and meant only that the substance needed to be sent to the Drug Enforcement Administration ("DEA") for further testing;
>
>(4) after, at the request of defense counsel and over government objection, Officer Allen tested the three packages in court and each test had an "inconclusive" (negative) result, the government declined the Court's offer to permit rebuttal evidence (including the opportunity to conduct additional field tests for the court);
>
>(5) in addition to telling Officer Allen that he was not present when the packages were put together, Co-Defendant Cesar Isabel told Officer Allen that the sale was a "rip-off" and that the packages did not contain cocaine; and
>
>(6) after the defendants were arrested, the police officers paid the confidential informant $1,500 from Metropolitan Police Department funds for his role in the arrests.

As the government notes, after Magistrate Judge Robinson dismissed the charges, the defense asked the court to compel the government to permit a representative from the defense to be present when any further tests were conducted on the packages. Defense counsel had informally requested that the government permit a defense representative to be present and attempted to make arrangements with government counsel to have an examination of the evidence with a defense representative present before the preliminary hearing was continued to permit the defense to subpoena the evidence. The government rejected those requests.

**<u>Argument</u>**

The government argues that Mr. Concepcion has no right to have a representative present during the examination of the evidence and that the Court has no authority to require the government to permit a defense representative to be present. The government is wrong on both points.

As an initial matter, Mr. Concepcion's concern is only that a defense representative be present and permitted to take photographs when the packages are unwrapped. The government raises concerns about the DEA's practice of excluding third parties during the analysis of materials and "the integrity of their laboratory facility." Government's Motion at 8. These concerns are not at issue here because a defense representative need not be present during the analysis. At issue here is the need to preserve the evidence of the packaging.

Undersigned counsel viewed the evidence at the preliminary hearing and submits that the packages are wrapped in plastic and then wrapped again in tape. The manner in which the packages are wrapped is critical to the defense.[1] If the government is permitted to unwrap the packages, the evidence of the manner in which they are wrapped will be destroyed and the defense will have no ability to produce this evidence at trial. For this reason, the defense asks the Court to issue the attached order requiring the government to permit defense counsel and her investigator to be present and photograph the evidence as it is unwrapped.

The Court has the authority to issue this Order pursuant to the Court's inherent authority to regulate the use of property seized by the government. As the Second Circuit has explained:

> "Whenever an officer of the court has in his possession or under his control books or papers, or (by parity of reasoning) any other articles in which the court has official interest, and of which any person (whether party to a pending litigation or not) has been unlawfully deprived, that person may petition the court for restitution. This I take to be an elementary principle, depending upon the inherent disciplinary power of any court of record.
>
> "Attorneys are officers of the court, and the United States attorney

---

[1] If an additional proffer is necessary, counsel respectfully requests an opportunity to provide the Court with an ex parte proffer regarding the evidence the defense expects an examination of the evidence will reveal.

>does not by taking office escape from this species of professional discipline. Thus power to entertain this motion depends on the fact that the party proceeded against is an attorney, not that he is an official known as the United States attorney. It is further true that the right to move does not at all depend on the existence of this indictment; it might be made, were no prosecution pending."

Grant v. United States, 282 F.2d 165, 168-69 (2d Cir. 1960) (quoting Judge Hough's statement in United States v. Maresca, 266 F. 713, 717 (S.D.N.Y. 1920)).

The government cites only one case for the proposition that "the defendants do not, however, have a right to be present when the DEA analyzes the drugs seized in this case." Government Motion at 8 (citing United States v. Love, 482 F.2d 213 (5th Cir. 1973)). This case, in fact, supports the defendant's request to be present. In Love, the defendants' hands had been swabbed with an acetone solution after their arrest in connection with a bombing. Love, 482 F.2d at 215. The swabs were later tested for nitrate, and although a defense expert had been retained and "made his presence in the case known to police laboratory officials," the defense expert was not present at the testing. Id. There was no specific request to be present during the examination. The issues raised on appeal were whether the defendant had a right to have counsel present when the swabs were taken and whether the defense expert should have been notified when the swabs were tested because the swabs would be consumed in the testing process. Id. at 216. Here, the government notes that the Love court found that the "absence of defendant's expert during the examination of the government's evidence did not require reversal of conviction." Government Motion at 8. The government, however, omitted the fact that the Love court stated: "*Even though the defendant's expert should have been permitted to participate in the analysis* of the swabbings, his absence does not require us to serve (sic) the conviction

because the standard established [for the admission of expert testimony based on materials not introduced into evidence] was fulfilled here." Love, 482 F.2d at 219 (emphasis added).

Here, the evidence of the packaging is still available and will be destroyed when it is examined (unwrapped). Mr. Concepcion seeks only to preserve this evidence for future presentation at the trial of any charges that may be brought against him.

## Conclusion

For the foregoing reasons and such other reasons as may be presented at a hearing on this motion, Mr. Concepcion respectfully moves this Honorable Court to issue the attached proposed Order, directing the government to permit defense counsel and her investigator to be present and take photographs when the packages seized in relation to this case are unwrapped.

Respectfully submitted,

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA** :

      v.       :       Case No. 07-M-342 (DAR) (TFH)

**MIGUELA CONCEPCION**     :

**ORDER**

Upon consideration of defendant's Motion for Order Requiring Defense Representative at Examination, and finding good cause shown, it is this __ day of _____, 2007, hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED that the government shall permit defense counsel and her investigator to be present and take photographs when the packages seized in relation to this case on July 5, 2007, are unwrapped.

_____
Chief Judge Thomas F. Hogan